IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| APEX BEAM TECHNOLOGIES LLC, § § § *Plaintiff*, § § v. § § TCT MOBILE INTERNATIONAL § LIMITED, TCL ELECTRONICS § HOLDINGS LIMITED, TCL § TECHNOLOGY GROUP CORPORATION, § TCL COMMUNICATION LIMITED, TCL § COMMUNICATION TECHNOLOGY § HOLDINGS LIMITED, § § *Defendants*. § | CIVIL ACTION NO. 2:21-CV-00438-JRG |

**MEMORANDUM OPINION AND ORDER**

I.  **INTRODUCTION**

Before the Court is Defendants TCL Mobile International Limited, TCL Electronics Holdings Limited, TCL Technology Group Corporation, TCL Communications Limited, and TCL Communication Technology Holdings Limited's (collectively, "Defendants") Motion to Dismiss Plaintiff's First Amended Complaint for Patent Infringement (the "Motion to Dismiss"). (Dkt. No. 32). Having considered the Motion to Dismiss and the related briefing, the Court finds that it should be and hereby is **DENIED**.

II.  **BACKGROUND**

Apex Beam Technologies LLC ("Apex Beam" or "Plaintiff") filed this lawsuit against Defendants on November 30, 2022, accusing Defendants of both directly and indirectly infringing U.S. Patent Nos. 10,462,767, 10,568,113, 10,912,081, 10,944,527, 10,951,271 (collectively, the

"Asserted Patents"). (Dkt. No. 1). On August 9, 2023, Defendants filed a motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6). (Dkt. No. 28). Plaintiff amended its Complaint on August 30, 2023. (Dkt. No. 31). Defendants now move to dismiss the First Amended Complaint ("FAC") filed by Plaintiff for failure to state a claim under Fed. R. Civ. P. 12(b)(6) for direct infringement and for pre-suit indirect infringement.

### III.   LEGAL STANDARD

#### A. Failure to State a Claim

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). "To survive dismissal at the pleading stage, a complaint must state 'enough facts such that the claim to relief is plausible on its face.'" *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pled facts as true and views all facts in the light most favorable to the plaintiff, but the Court is not required to accept the plaintiff's legal conclusions as true. *Id.* In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

In determining a motion to dismiss, "[t]he court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com,*

*Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). However, the plaintiff is not required to prove its case at the pleading stage. *Id.* Assessing the sufficiency of pleadings is a context specific task; simpler technologies may require less detailed pleadings whereas more complex technologies may demand more. *Disk Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

IV. **DISCUSSION**

A. **Plaintiff's Direct Infringement Allegations**

Defendants argue that "Plaintiff's FAC fails to adequately plead direct infringement by any of the TCL Defendants," because "the TCL Defendants are all located outside the United States," so "even if one of the TCL Defendants had used a TCL device to perform the steps of a claimed method . . . such use would necessarily have occurred *outside* the United States." (Dkt. No. 32 at 6). Defendants thus conclude that "any alleged use of a device by one of the TCL Defendants to perform the steps of a claimed method cannot constitute direct infringement of any asserted patent under the law." (*Id.*).

In response, Plaintiff argues that it "has sufficiently pled direct infringement by TCL because the FAC references evidence showing how the Patents-in-Suit are infringed by TCL's use of the Accused Products, including TCL's testing and troubleshooting performed in the United States." (Dkt. No. 33 at 4). Specifically, Plaintiff points to "Defendants['] use [of] the Accused Products in the United States for demonstration, marketing, and to create tutorials and instructions," including the fact that "TCL regularly attends the CES conference where it

demonstrates and markets its products, including, upon information and belief, the accused 5G smartphones." (Dkt. No. 33 at 4 (quoting Dkt. No. 31 ¶¶ 22-31 (citing Ex. 1 and Ex. 2 (webpages from www.tcl.com))))). In Plaintiff's view, "it is plausible, and in fact highly likely, that TCL employees or agents, local and abroad, have demonstrated, marketed, tested, or troubleshooted the Accused Products in the United States, thereby directly infringing the method claims of the Patents-in-Suit." (*Id.* at 6). Plaintiff concludes that because Defendants have "only raise[d] issues of fact in the Motion regarding the allegations of direct infringement that must be resolved in favor of Apex Beam, Apex Beam has sufficiently pled allegations of direct infringement." (*Id.*).

In reply, Defendants contend that "the 'evidence' that Plaintiff is attempting to rely upon—Ex.1 (Dkt. No. 33-2) and Ex. 2 (Dkt. No. 33-3)—does not show that any of ***the named TCL Defendants*** actually used or is using an Accused Product in the United States." (Dkt. No. 34 at 1). Specifically, Defendants contend that those exhibits are pages from a website which "is owned and controlled by [a non-party] entity named TCL King Electrical Appliance (Huizhou) Co., Ltd." according to that website's "Terms and Conditions." (*Id.*). As such, Defendants conclude that "Plaintiff's 'evidence' therefore fails to support the allegation that any of the TCL Defendants were present in the United States, much less that they used one of the Accused Products in an infringing manner at the CES conference." (*Id.*).

In sur-reply, Plaintiff contends that Defendants' identification of "a TCL-related entity as a publishing source for Exhibits 1 and 2 is irrelevant because there is no authority requiring plaintiffs to present defendants' own party statements admitting infringing activities to meet the plausibility requirement." (Dkt. No. 39 at 2). Plaintiff argues that "[t]he evidence in these two exhibits shows that Defendants demonstrated (i.e., used) the Accused Products at an exhibition in the United States," and that "Defendants' Reply Brief does not dispute that such a demonstration

4

constitutes use of the Accused Products in this case." (*Id.* at 2, 4-5). Plaintiff further rejects "Defendants' general implication that the website on which Apex Beam's evidence resides is of a completely separate entity . . . than Defendants," because that website's Privacy Policy Notice (referenced in the FAC) notes that it is "on behalf of 'TCL ***and/or affiliates and subsidiaries*** (collectively, "TCL", "we", "us" or "our").'" (*Id.* at 5 (Dkt. No. 31 ¶ 25 (citing Ex. 10))). Plaintiff further contends that Defendants' Reply "ignore[s] Apex Beam's plethora of evidence of Defendants' usage of the Accused Products, including Defendants' support and troubleshooting (i.e., usage) described in its manuals provided to United States customers." (*Id.* (citing Dkt. No. 31 ¶¶ 22-31)).

For the reasons explained below, the Court finds that Plaintiff has adequately pled facts that, if taken as true, state a claim for direct infringement.

The Court notes that to survive this Motion to Dismiss Plaintiff need only place the Defendants on notice of what activity is being accused of infringement, not prove its case. *Lifetime Indus.*, 869 F.3d at 1379. Plaintiff has alleged that Defendants directly infringe the Asserted Patents in violation of 35 U.S.C. § 271 by "using . . . products that satisfy each and every limitation of one or more claims of the [Asserted Patents]." (Dkt. No. 31 ¶¶ 34-35, 50-51, 72-73, 91-92, 107-108). Specifically, Plaintiff pled that "Defendants use the Accused Products in the United States for demonstration, marketing, and to create tutorials and instructions." (*Id.* ¶ 31). Plaintiff further provided an example of Defendants' United States-based use, noting that "TCL regularly attends the CES conference where it demonstrates and markets its products, including, upon information and belief, the accused 5G smartphones." (*Id.*). In support of this fact, Plaintiff cited two webpages describing TCL's CES involvement, including its involvement in the 2022 Exhibition held in Las Vegas, Nevada. (*Id.*).

Defendants do not claim that they have insufficient notice of the allegations against them; rather, Defendants simply argue that "[b]ecause the TCL Defendants are located outside the United States, even if one of the TCL Defendants had used a TCL device to perform the steps of the claimed method . . . such use would necessarily have occurred *outside* the United States." (Dkt. No. 32 at 6). Such an assumption is not necessarily true. Indeed, Plaintiff has specifically pled that Defendants have used the Accused Products in an infringing manner in the United States, including at the CES Exhibition held in Las Vegas in 2022. (*Id.* ¶ 31). This well-pled fact was supported by documentation from the publicly available website www.tcl.com. (*Id.*).

Defendants' contention that www.tcl.com is "owned and controlled by [non-party] TCL King Electrical Appliance (Huizhou) Co., Ltd." is irrelevant. The Court first notes that there appears to be a dispute regarding who is responsible for the content displayed on www.tcl.com. In its First Amended Complaint, Plaintiff pleads that "Defendants are jointly responsible for the sale of the Accused Products to customers in the United States, including through their store at www.tcl.com," noting that the website's Privacy Policy "is on behalf of 'TCL and/or its affiliates and subsidiaries (collectively "TCL", "we", "us", "our").'" (Dkt. No. 31 ¶ 25 (quoting https://www.tcl.com/us/en/terms-privacy)). At this stage, the Court accepts Plaintiff's well-pled facts as true and views all facts in the light most favorable to the Plaintiff. *Thompson*, 764 F.3d at 502. Doing so, the Court sees no basis to rely on Defendants' representation over Plaintiff's.

Moreover, even if it is true that non-party TCL King Electrical Appliance (Huizhou) Co., Ltd. is the sole publisher responsible for the content on www.tcl.com, that fact is irrelevant in this context. Notably, Defendants do not contend that the TCL presence at the 2022 CES Exhibition is unrelated to Defendants or that the use of the Accused Products at that exhibition did not constitute infringement of the claims of the Asserted Patents; rather, Defendants only contend that "Plaintiff's

'evidence' . . . fails to support those allegations" because the purported publisher of that evidence "has **not** been named as a defendant in this lawsuit." (Dkt. No. 34 at 1). Defendants' argument misses the mark. The Court is not determining the admissibility of evidence at this stage—e.g., whether representations on www.tcl.com qualify as admissions by Defendants such that they are exempted from the realm of hearsay—rather, the Court is only determining whether Plaintiff has plausibly plead its direct infringement claims. Viewed in the light most favorable to Plaintiff, the referenced content on www.tcl.com supports Plaintiff's allegation that Defendants directly infringe the Asserted Patents. Here, the Court "must resolve controverted factual allegations in favor of [Plaintiff], rather than merely accept [Defendants'] argument that the [D]efendants commit no infringing acts in the U.S." *Stingray IP Sols., LLC v. Signify N.V.*, No. 2:21-cv-00044-JRG, 2021 WL 9095764, at *6 (E.D. Tex. Oct. 25, 2021) (citation omitted). As such, Plaintiff's allegations are "sufficient to cross the federal court's threshold" at this stage. *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

### B. Plaintiff's Indirect Infringement Allegations

Defendants argue that "Plaintiff's FAC fails to adequately plead indirect infringement by any of the TLC Defendants prior to receipt of Plaintiff's original Complaint," and thus "Plaintiff's claims for pre-suit indirect infringement should therefore also be dismissed with prejudice." (Dkt. No. 32 at 6). Specifically, Defendants argue that "Plaintiff's FAC does not allege that any of the TCL Defendants had pre-suit knowledge of either the asserted patents or Plaintiff's claims of infringement," instead it "alleges that the TCL Defendants had knowledge of the asserted patents and the alleged infringement thereof 'as of the date of the original Complaint in this case dated November 20, 2021.'" (*Id.* at 7 (quoting Dkt. No. 31 ¶¶ 46, 67, 86, 102, and 124)).

In response, Plaintiff contends that Defendants' argument "is incorrect and blatantly disregards the precedent of this Court, which holds that failure to allege pre-suit knowledge 'is not a basis to dismiss [plaintiff's] indirect infringement claims.'" (Dkt. No. 33 at 6-7 (quoting *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-cv-242-JRG, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2012)) (citing additional cases from this Court)). Contrary to Defendants' assertion, Plaintiff argues that "an allegation that the defendant had knowledge of the patent as of the filing of the complaint is 'sufficient to prove knowledge of the patent for purposes of indirect infringement, at least from the time of the complaint going forward.'" (*Id.* (quoting *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2016 WL 1643315, at *4 n.4 (E.D. Tex. Apr. 26, 2016)) (citing additional cases from this Court)). Plaintiff contends that its "pleading of TCL's knowledge from 'at least from the time of the complaint' does not preclude Apex Beam from seeking discovery regarding pre-suit knowledge of the Patents-in-Suit." (*Id.* at 8). As such, Plaintiff contends that its allegations "satisfy the plausibility standard for indirect infringement, both pre-suit and post-suit." (*Id.*).

In reply, Defendants argue that "it is . . . well-settled that notice of the allegedly infringed patent(s) and the act(s) of alleged infringement must come from the patent owner to be effective," and that Plaintiff failed to provide any such notice. (Dkt. No. 34 at 4 (citing *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1356 (Fed. Cir. 2017))). Based on this reasoning, Defendants conclude that "[s]ince the FAC does not even allege that Plaintiff provided notice of infringement to any of the TCL Defendants before Plaintiff filed its original Complaint (Dkt. No. 1), the FAC fails to plausibly plead pre-suit indirect infringement by any of the TCL Defendants." (Dkt. No. 34 at 4). Defendants further contend that "Plaintiff's FAC does not contain **any** allegations to plausibly show that any of the TCL Defendants had the necessary knowledge

8

prior to the filing of the original Complaint," mandating that Plaintiff's claims of pre-filing indirect infringement be dismissed. (*Id.*).

In sur-reply, Plaintiff argues that Defendants "egregious[ly] misstate[] the law" by "conflat[ing] the requirements for marking under 35 U.S.C. § 287, as described in [*Arctic Cat*], with the knowledge requirement for indirect infringement that is at issue in Defendants' Motion to Dismiss." (Dkt. No. 39 at 6). Plaintiff represents, to the contrary, that "there is no case law which describes that the knowledge required for indirect infringement, pre-suit or post-suit, 'must come from the patent owner.'" (*Id.*). Plaintiff further argues that it "clearly pled that Defendants had knowledge '*at least* as of the date of the original Complaint in this case dated November 30, 2021,'" and that it "is entitled to discovery regarding any alleged pre-suit knowledge of the Patents-in-Suit." (*Id.* (quoting Dkt. No. 31 ¶¶ 46, 67, 86, 102, 124)). Finally, Plaintiff contends that Defendants "fail[ed] to address any of Apex Beam's cited precedent of this Court, which holds that failure to allege pre-suit knowledge is not a basis to dismiss Plaintiff's indirect infringement claims." (*Id.* at 6-7).

For the reasons explained below, the Court finds that Plaintiff has adequately pled facts that, if taken as true, state a claim for indirect infringement.

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "[L]iability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (quoting *Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)). As explained below, Defendants' argument that Plaintiff has failed to plead the knowledge required for pre-suit indirect infringement contravenes this Court's clear jurisprudence.

The Court first addresses Defendants' claim that "[s]ince the FAC does not even allege that Plaintiff provided notice of infringement to any of the TCL Defendants before Plaintiff filed its original Complaint …, the FAC fails to plausibly plead pre-suit indirect infringement by any of the TCL Defendants." (Dkt. No. 34 at 4). Such is not the law. The Federal Circuit's decision in *Arctic Cat*—relied upon by Defendants for the assertion that "[i]t is . . . well-settled that notice of the allegedly infringed patent(s) and the act(s) of alleged infringement must come from the patent owner to be effective"—relates to "notice" in the context of 35 U.S.C. § 287(a), not to the knowledge requirement for indirect infringement. *See Arctic Cat*, 876 F.3d at 1365 ("**Pursuant to 35 U.S.C. § 287(a)**, a patentee who makes or sells a patented article must mark his articles or notify infringers of his patent in order to recover damages.") (emphasis added). No such patentee-based notice requirement exists for claims of indirect infringement, and this Court declines to impose such a requirement now. *See Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016) ("*Commil*, in reaffirming *Global–Tech*, also necessarily reaffirmed that willful blindness can satisfy the knowledge requirement for active inducement under § 271(b) (and for contributory infringement under § 271(c)), even in the absence of actual knowledge.") (citing *Global-Tech*, 563 U.S. at 768; *Commil*, 135 S. Ct. at 1926); *In re Taasera Licensing LLC, Pat. Litig.*, No. 2:22-CV-00063-JRG, 2023 WL 2465584, at *6 (E.D. Tex. Mar. 10, 2023) ("Willful blindness is [] sufficient to satisfy the knowledge requirement for induced infringement.").

The Court also rejects Defendants' remaining argument that "Plaintiff's claims of pre-filing indirect infringement should . . . be dismissed" because the "FAC does not contain ***any*** allegations to plausibly show that any of the TCL Defendants had the necessary knowledge prior to the filing of the original Complaint." (Dkt. No. 34 at 4). As this Court has repeatedly explained, "there is no pre-suit knowledge requirement to establish induced infringement" at the pleading stage. *See, e.g.*,

10

*Ultravision Techs., LLC v. Govision, LLC*, No. 2:18-cv-00100-JRG-RSP, 2020 WL 896767, at *11 (E.D. Tex. Jan. 21, 2020), *report and recommendation adopted*, No. 2:18-cv-00100-JRG-RSP, 2020 WL 887754 (E.D. Tex. Feb. 24, 2020); *Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, No. 2:13-CV-44-JRG, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014) (explaining that such a requirement "would lead to absurd results"). Plaintiff pled that "Defendants, **with knowledge** that these products, or the use thereof, infringe the [Asserted Patents] **at least as of the date of the original Complaint** in this case dated November 30, 2021, knowingly and intentionally induced, and continue to knowingly and intentionally induce direct infringement[.]" (Dkt. No. 31 ¶¶ 46, 67, 86, 102, 104 (emphasis added)). Such allegations are sufficient to survive the motion to dismiss stage.

Defendants' singular citation to a recent decision from a Central District of California court that reached the opposite result is unpersuasive. Not only is that case factually distinguishable[1] from the present case, but it also is directly contradicted by this Court's repeated decisions to the contrary. *See, e.g.*, *In re Taasera Licensing LLC, Pat. Litig.*, 2023 WL 2465584, at *3; *RightQuestion, LLC v. Samsung Electronics Co., Ltd.*, No. 2:21-CV-00238-JRG, 2022 WL 507487, at *3 (E.D. Tex. Feb. 18, 2022) (quoting *BillJCo, LLC v. Cisco Sys., Inc.*, No. 2:21-CV-00183-JRG, 2021 WL 6618529, at *6 (E.D. Tex. Nov. 30, 2021)); *Estech Sys., Inc. v. Target Corp.*, No. 2:20-CV-00123-JRG-RSP, 2020 WL 6496425, at *5 (E.D. Tex. Aug. 10, 2020); *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693-RWS-RSP, 2017 WL 4230582, at *2 (E.D. Tex. Sept. 4, 2016); *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, at *3 (E.D.

---

[1] *See Blue Spike LLC v. Universal Music Grp.*, No. CV 22-6331-GW-JEMx, 2023 U.S. Dist. LEXIS 35354, *10 (C.D. Cal. Mar. 1, 2023) (granting dismissal of pre-suit indirect infringement claims where Plaintiff only pled that "Defendants knew of the Asserted Patents because of: (1) a software license from 2001-2003 that predated the patents by at least seven years and related to other technology; (2) attendance at industry events where no allegation suggests the Asserted Patents were presented; and (3) Plaintiffs previously sued Defendants' clients concerning other technology").

Tex. July 5, 2012). Many such decisions were raised by Plaintiff and left entirely unaddressed by Defendants.[2] Here, Plaintiff has alleged that Defendants had the requisite knowledge "for at least some time during the infringement period," thus Plaintiff has adequately pled the knowledge required for indirect infringement. *In re Taasera Licensing LLC, Pat. Litig.*, 2023 WL 2465584, at *3. Taking Plaintiff's allegations as true, as it must, the Court finds that Plaintiff has sufficiently pled its claim for indirect infringement.

## V.   CONCLUSION

Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Patent Infringement (Dkt. No. 32) is **DENIED** for the reasons stated herein.

**So ORDERED and SIGNED this 3rd day of January, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[2] The Court reminds Defendants that choosing to ignore this Court's clear jurisprudence on an issue is not only likely to waste time and resources, but such will, in almost all instances, fail to carry the day.