**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| APEX BEAM TECHNOLOGIES LLC, | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:21-CV-00438-JRG |
| | § | |
| TCT MOBILE INTERNATIONAL | § | |
| LIMITED, TCL ELECTRONICS | § | |
| HOLDINGS LIMITED, TCL | § | |
| TECHNOLOGY GROUP CORPORATION, | § | |
| TCL COMMUNICATION LIMITED, TCL | § | |
| COMMUNICATION TECHNOLOGY | § | |
| HOLDINGS LIMITED, | § | |
| | § | |
| *Defendants.* | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

**I.    INTRODUCTION**

Before the Court is Plaintiff Apex Beam Technologies LLC's ("Plaintiff") Opposed Motion for Leave to File its Second Amended Complaint Against TCT Mobile International Limited, TCL Electronics Holdings Limited, TCL Technology Group Corporation, TCL Communication Limited, and TCL Communication Technology Holdings Limited (collectively, "Defendants") (the "Motion"). (Dkt. No. 49). In the Motion, Plaintiff seeks to assert five additional patents: U.S. Patent Nos. 10,965,434, 11,018,946, 10,986,695, 10,979,128, and 11,063,655 (collectively, "the Additional Patents"). Having considered the Motion and the subsequent briefing, and for the reasons stated herein, the Court is of the opinion that the Motion should be **GRANTED**.

## II.    BACKGROUND

Plaintiff filed its original complaint against Defendants in this action on November 30, 2021, alleging that Defendants infringe U.S. Patent Nos. 10,462,767, 10,568,113, 10,912,081, 10,944,527, and 10,951,271 (the "Original Asserted Patents") by making, using, selling, offering to sell, and/or importing into the United States the TCL 10 5G UW, TCL 20 Pro 5G, 20 A 5G, and Tab Pro 5G products. *See* (Dkt. No. 1 ¶ 22). On August 30, 2023, Plaintiff filed its First Amended Complaint ("FAC"), accusing additional products of infringement, such that the complete list of accused products included the TCL 10 5G UW, TCL 20 Pro 5G, 20 A 5G, TCL 30XL, TCL 40 XL, and Tab Pro 5G products. *See* (Dkt. No. 31 ¶ 22).

Plaintiff filed this Motion (Dkt. No. 49) on January 29, 2024, seeking leave to file its Second Amended Complaint ("SAC"), in which Plaintiff "seeks to add allegations that Defendants' 30 5G, Stylus 5G, Tab Pro 5G, 30 V 5G, 30 XE 5G, 20 A 5G, 20 Pro 5G, 40 X 5G, Tab 10 5G, 40 XE 5G, 30 5G, 10 5G UW, LinkZone 5G UW, and 20 AX 5G ('the Accused Products') infringe the Additional Patents (in addition to the Asserted Patents from the FAC)." (Dkt. No. 49 at 2). The deadline for Plaintiff to file amended pleadings is May 28, 2024. (Dkt. No. 37 at 5). However, because Plaintiff seeks to amend its pleadings to assert additional patents, leave of the Court is required. *See* (*id.* ("It is not necessary to seek leave of Court to amend pleadings prior to [the deadline to file amended pleadings] unless the amendment seeks to assert additional patents.")).

## III.   LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) states, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a). "In the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Federal Rule of Civil Procedure 16(b)(4) states, "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).  In determining whether good cause exists to support an amendment, the Court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

## IV.    DISCUSSION

### A.    Plaintiff Can Meet its Burden to Assert the Additional Patents Under Either FRCP 15 or FRCP 16.

The parties dispute the standard that the Court should apply to determine whether Plaintiff should be granted leave to amend its complaint. Plaintiff argues that Rule 15 provides the appropriate standard for ruling on this Motion because Plaintiff seeks leave to amend its complaint prior to the deadline for amending the pleadings. (Dkt. No. 49 at 3–4). Defendants argue that Rule 16 governs because an amendment to the complaint adding the Additional Patents will necessarily require supplemental infringement contentions, which in turn requires an amendment to the scheduling order as the P.R. 3-1 deadline has passed. (Dkt. No. 50 at 2).

The Court need not resolve this dispute as it concludes that either standard would be met under these circumstances. In determining whether there is good cause to amend, the Court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536. Considering these factors, the Court finds that there is good cause to amend.

3

### 1. *Explanation for failure to timely move for leave to amend.*

Plaintiff argues that the first good cause factor—the explanation for the failure to timely move for leave to amend—is inapplicable because the deadline to amend the pleadings has not passed. (Dkt. No. 49 at 8-9). Plaintiff further contends that it filed this Motion "as soon as was appropriate" because the Additional Patents "were only recently assigned from PanPsy Technologies LLC to Apex Beam Technologies LLC on December 21, 2023, and the assignment was received for recordation by United States Patent Office on January 8, 2024." (*Id.* at 5, 9). Defendants do not address this factor in their Opposition. The Court finds that Plaintiff has provided sufficient explanation for its failure to move earlier for leave such that this factor favors granting leave at this time.

### 2. *Importance of the amendment.*

Plaintiff contends that the second good cause factor—the importance of the amendment— favors granting leave to amend because Plaintiff "seeks to vindicate its patent rights with respect to the Additional Patents, and doing so in another case would be inefficient, given the significant overlap between the Accused Products and the similarity of the 5G technology in the patents-in-issue to the Additional Patents." (Dkt. No. 49 at 7).

Defendants respond that "Plaintiff has failed to show why it cannot just bring a separate action to resolve the issue of infringement of the five new patents it seeks to add to this action," and that "[t]here is no direct relation between the five new patents and the [Original Asserted Patents]." (Dkt. No. 50 at 3). In addition, Defendants note that "***the 5G specifications are over two hundred (200) pages in length***" and that "Plaintiff is a non-practicing entity." (*Id.* (emphasis in original)).[1]

---

[1] Plaintiff is correct that these arguments "have no bearing on Factor 2 and Defendants point to no case law showing how these purported facts are relevant to the importance of Apex Beam's amendment." (Dkt. No. 51 at 2). Defendants'

In reply, Plaintiff argues that "Defendants ignore this Court's consideration of 'the importance of efficiency and conserving party and judicial resources.'" (Dkt. No. 51 at 2 (quoting *H&R Block Tax Servs., Inc. v. Jackson Hewitt Tax Serv., Inc.*, No. 6:08-cv-00037, 2008 WL 11265109, \*3 (E.D. Tex. Dec. 23, 2008))). Plaintiff further contends that "Defendants misrepresent the subject matter of the newly-asserted patents as having 'no direct relation' to the previously asserted patents in order to obfuscate that infringement by the same set of Defendants' Accused Products arises out of the same device behavior, namely the capability and use of the 5G communication standards." (*Id.*).

In sur-reply, Defendants argue that "none of the [Additional Patents] is a continuation, division, or continuation-in-part of any patent-in-suit, nor do any of the patents-in-suit share a priority application with any of the patents that Plaintiff is seeking to add[,]" nor do they share any common inventors, prior owners, or assignees. (Dkt. No. 52 at 1).[2]

The importance of the amendment weighs in favor of finding good cause. Plaintiff is seeking to vindicate its patent rights, and the Court is convinced that adjudicating the claims related to the Additional Patents alongside the claims related to the Original Asserted Patents will be more efficient than resolving these infringement allegations in separate cases. *Cf. Blue Calypso, Inc. v. Groupon, Inc.*, No. 6:12-CV-486, 2013 WL 12141428, at \*1 (E.D. Tex. July 19, 2013) (finding "the amendment important and necessary for the proper resolution of this case" where "the technology in the new patents generally covers the already asserted patents"); *H&R Block Tax*

---

citations to *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023) and *In re Juniper Networks, Inc.*, 14 F.4th 1318, 1322 (Fed. Cir. 2021) are inapposite as both cases dealt with assessing court congestion and relative time-to-trial estimates for motions to transfer venue pursuant to 28 U.S.C. § 1404(a). In any event, this Court rejects Defendants' position that Plaintiff's status as a non-practicing entity renders less important Plaintiff's right to enforce its patents. Simply because Plaintiff does not compete in the same marketplace as Defendants does not taint Plaintiff's property rights or convert it into some second-class citizen in the eyes of the Court.

[2] Defendants further argue that "[i]t is not inconceivable that separate technical experts might ultimately be required for each group of patents." (*Id.* at 2). The Court notes that this argument is mere speculation and affords it little weight.

*Servs., Inc.*, 2008 WL 11265109, at *3 (noting that "a single consolidated *Markman* briefing schedule, hearing, pretrial, and trial that includes the [additional patent] will conserve both party and judicial resources").

Defendants essentially ask the Court to deny Plaintiff leave to add the Additional Patents because they are not officially related to the Original Asserted Patents, despite Defendants' acknowledgment that all the patents relate to 5G communication technologies. *See, e.g.*, (Dkt. No. 52 at 1 ("[A]t best, all of these patents can collectively be described as generally relating to some aspect of the 5G technical specifications issued by the 3rd Generation Partnership Project (3GPP).")). Defendants cite no case law and provide no reasoning in support of such a restrictive requirement on asserting additional patents. The Court declines to adopt Defendants' view. *Cf. H&R Block Tax Servs., Inc.*, 2008 WL 11265109, at *3 ("While [it] may be Defendant's preference [for the additional patent to be asserted in a separate lawsuit], the importance of efficiency and conserving party and judicial resources, on balance, outweighs the minimal prejudice Defendant will face as a result of the addition of the [additional patent]."). Accordingly, the Court finds that the importance of the amendment weighs in favor of granting Plaintiff leave.

### 3. *Potential prejudice in allowing the amendment and availability of a continuance to cure that prejudice.*

With respect to the third and fourth good cause factors, Plaintiff argues that the early stage of the case ameliorates any potential prejudice to Defendants and that a minor continuance of certain case deadlines could eliminate any prejudice that remains. Specifically, Plaintiff notes that "[t]he claim construction hearing is not scheduled until August 13, 2024; fact discovery closes on September 16, 2024; dispositive motions are due November 4, 2024; and trial is not scheduled to begin until February 10, 2025." (Dkt. No. 49 at 8). As such, Plaintiff contends that "any theoretical

prejudice Defendants may face as a result of this amendment could easily be cured through the submission of amendment to the DCO without moving the 'good cause' dates." (*Id.*).

In response, Defendants argue that allowing Plaintiff to add these patents "would [] significantly increase the complexity of this case and, therefore the time and expense involved and judicial resources required." (Dkt. No. 50 at 4). Defendants further contend that any continuance would require "delaying the currently scheduled *Markman* hearing and perhaps even trial, so to enable the parties to serve infringement and invalidity contentions on each other before beginning the claim construction process." (*Id.*).

In reply, Plaintiff argues that Defendants' position "is rooted in at least two misrepresentations"—namely, that the Additional Patents are "entirely unrelated" to the patents-in-suit and that the SAC seeks to add "ten previously unaccused TCL products" to this case. (Dkt. No. 51 at 3). Specifically, Plaintiff contends that the Additional Patents are not unrelated "because Defendants' infringement of all ten asserted patents by the same set of Defendants' Accused Products arises out of the same device behavior, namely the capability and use of the 5G communication standards." (*Id.*). Plaintiff further argues that the SAC does not add "ten previously unaccused TCL products" because the FAC was clear that "the Accused Products covered the entirety of the [Defendants'] '5G mobile handsets and tablets'," not just the specific exemplary products listed. (*Id.* (quoting Dkt. No. 49-3 ¶¶ 22-32)). Furthermore, Plaintiff argues that "[a]ny prejudice can be avoided by modifying the Court's docket control order." (*Id.*).

The Court finds that the lack of prejudice and the availability of a continuance weigh in favor of finding good cause. Plaintiff's Motion was filed early in the case—over six months before the currently scheduled date for the claim construction hearing and well before the close of fact discovery. While adding the Additional Patents to this case will no doubt increase its cost and

complexity, a less prompt and more expensive result would occur if these patents were brought in an entirely separate case against Defendants. In that instance, however, inefficient duplication and additional costs would undoubtedly also occur. While Defendants contend that they would be prejudiced because allowing Plaintiff's Second Amended Complaint "would require modification of the current Docket Control Order (Dkt 37), including delaying the currently scheduled *Markman* hearing and perhaps even the trial" (Dkt. No. 50 at 4), the Court is yet to be convinced that such measures will ultimately be necessary. Moreover, Defendants provide no explanation for why such delays, if they were to occur, would result in prejudice to Defendants. Furthermore, Defendants do not dispute that a continuance is available to otherwise cure any prejudice from allowing Plaintiff leave to file its Second Amended Complaint; instead, Defendants simply reiterate that such a continuance could require delaying the *Markman* hearing and "perhaps the trial." Ultimately, the Court finds that the potential prejudice and the availability of a continuance factors weigh in favor of granting Plaintiff leave.

## V.    CONCLUSION

For the reasons stated herein, and having found that the good cause factors support granting Plaintiff leave to amend its complaint to assert the Additional Patents, the Court **GRANTS** Plaintiff's Motion (Dkt. No. 49). The Court further **ORDERS** the parties to meet and confer and jointly file a proposed Amended Docket Control Order within **ten (10) days** of the issuance of this Order, said proposed Amended Docket Control Order should accommodate the inclusion of the Additional Patents in this case without altering the February 10, 2025 trial date.

So ORDERED and SIGNED this 22nd day of April, 2024.

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE